**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

OCTAVIA BROWNLEE,                                    CASE NO.:

          Plaintiff,

v.

AMAZON.COM SERVICES LLC, MARK
HITCHENS and DWAYNE THOMAS

          Defendants.

_____/

## NOTICE OF REMOVAL

Defendants Amazon.com Services LLC ("Amazon")[1], Mark Hitchens ("Hitchens"), and

Dwayne Thomas ("Thomas") (collectively, "Defendants"), under 28 U.S.C. §§ 1332, 1441, and

1446, file this notice of the removal of this action to the United States District Court for the

Southern District of Florida, Fort Lauderdale Division.  As grounds for removal, Defendants state

as follows:

    **1.**      **State Court Action**

Octavia Brownlee ("Plaintiff") filed this action on March 26, 2021, in the Circuit Court of

the Seventeenth Judicial Circuit in and for Broward County, Florida, designated Case No. CACE-

21-006363 (the "Action").  *See* Ex. A, Complete State Court file.

    **2.**      **Defendant's Receipt of Plaintiff's Complaint**

Copies of the Summons and Complaint were served only on Defendant Amazon.com

Services LLC on March 30, 2020.  *See* Ex. A, Service of Process Receipt.

---

[1] Plaintiff identifies Amazon.com Services Inc., the former name of Amazon.com Services LLC, in the caption of the Complaint. Amazon.com Services LLC is the correct name of the entity that employed Plaintiff.

### 3.    Nature of the Action

In the Complaint, Plaintiff asserts claims of disability discrimination against Defendants in violation of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.* as well as tortious interference with a business relationship. *See* Ex. A, Compl. at ¶ 14.  Plaintiff seeks punitive damages, compensatory damages, and attorney's fees and costs.  *See id*. at ¶¶ 9, 15.

### 4.    Removal of State Court Action

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

As demonstrated in Section 5 below, this action is removable under 28 U.S.C. § 1441(a) because the district court would have original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).  In addition, venue is proper in the Fort Lauderdale Division of the Southern District of Florida, as demonstrated in Section 6 below.  Finally, this Notice of Removal is filed in a timely manner as discussed in Section 7 below.

### 5.    Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

### (a)    Diversity of Citizenship

First, Plaintiff is a Florida citizen for purposes of 28 U.S.C. § 1332(a).  *See* Ex. A, Compl. at ¶ 3 ("Plaintiff is an individual residing in Broward County, Florida…").   Citizenship is equivalent to "domicile" for the purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted).  "A person's domicile is the place of his true,

fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58 (internal quotations and citations omitted).[2]

Second, for purposes of diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Amazon was incorporated in Delaware. *See* Ex. B, Virgie Sturdivant Decl. at ¶ 4.  Amazon's headquarters, where its officers direct its activities, are located in Washington State. *Id.* at ¶ 5. Therefore, Amazon is a citizen of Delaware and Washington State.

Thomas is a citizen of Texas but is not a citizen of Florida or Washington State.  Because Plaintiff is a citizen of Florida, the diversity requirement is satisfied.

Hitchens is a citizen of Florida, but for the reasons discussed below, Plaintiff appears to have intended to fraudulently join Hitchens in this Action.  His citizenship therefore does not defeat diversity for purposes of removal.

(b)     **Fraudulent Joinder**

Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper where the non-diverse defendant is fraudulently joined.

---

[2] "Under the diversity statute, . . . a person is a 'citizen of a state' if he or she is (1) a citizen of the United States and (2) a domiciliary of a state of the United States." *Gibbons v. Udaras na Gaeltachta*, 549 F. Supp. 1094, 1116 n.12 (S.D.N.Y. 1982); see also BLACK'S LAW DICTIONARY 244 (6th ed. 1990) (citing *Gibbons*).

"'Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.'" *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under this doctrine, the citizenship of fraudulently joined defendants is ignored for purposes of diversity jurisdiction. *See id.* In the Eleventh Circuit, a non-diverse defendant is fraudulently joined where "there is no possibility the plaintiff can establish a cause of action against" that defendant. *Galler v. 21st Mortg. Corp.*, No. 3:14cv174-MCR/EMT, 2014 WL 12701066, at *2 (N.D. Fla. Sept. 3, 2014) (quoting *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). In making this determination, the Court looks to "whether plaintiff has stated an arguable claim under state law." *Id.* (emphasis omitted).

Plaintiff recites in her Complaint the bare legal standard for alleging a claim of tortious interference with an advantageous business relationship. This is a claim which is rarely appropriate where a supervisor is the alleged tortfeasor. *West v. Troelstrup*, 367 So. 2d 253, 255 (Fla 1st DCA 1979). To plead such a claim under Florida law, a plaintiff must allege facts that demonstrate (1) the existence of a business relationship under which the claimant has rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship; (4) by a third party; and (5) damage to the claimant cause by the interference. *Rudnick v. Sears, Roebuck & Co.*, 358 F. Supp. 2d 1201, 1205-07 (S.D. Fla. 2005). As a supervisor will not generally be considered to be a third party to a business relationship, a Plaintiff such as Brownlee must also demonstrate that the interference was caused solely by malice and was counter to the best interests of the Plaintiff's employer. *McCurdy v. J.C. Collins*, 508 So. 2d 380, 381 (Fla 1st DCA 1987).

Here, there is no possibility that Plaintiff can establish such a cause of action against Hitchens because Plaintiff has not alleged any facts to demonstrate that Hitchens tortiously interfered with a business relationship. First, Plaintiff must have been in a beneficial business relationship with her

4

employer.  Plaintiff was an at-will employee during her tenure at Amazon and thus had no agreement with Amazon regarding her employment.  It is impossible for Hitchens to interfere with an agreement that did not exist.  Next, the Complaint alleges that Hitchens "intentionally and unjustifiedly interfered with the agreement that Plaintiff had with Amazon," but Plaintiff fails to allege a single fact supporting her conclusory allegations.  The Complaint does not detail any specific actions that Hitchens took, nor does the Complaint describe how Amazon relied on these actions in making the decision to terminate her employment.  Plaintiff then claims that these actions were with "ulterior motives and detrimental to the interests of Amazon," without detailing any facts demonstrating this supposed malice or how her termination was detrimental to Amazon's interests.  As for malice, Plaintiff fails to mention a single instance or specific action that Hitchens took against her, claiming only that Hitchens took actions "due to her gender or religion or race."  That is the mere assertion of facts to support a claim of gender, religion, or race discrimination.  This is not an allegation of malice and is far too vague to plausibly give rise to a colorable claim against him.  Plaintiff dedicates a mere four paragraphs to her claim against Hitchens to plead the elements of a claim for tortious interference with a beneficial business relationship, but she ultimately provides nothing in the form of facts to support it.  This is a transparent attempt to join a non-diverse third party to defeat diversity, pleading nothing more than the legal standard without a single alleged fact.

Where, as here, a plaintiff includes threadbare allegations against a non-diverse defendant which fail to identify any wrongdoing by that defendant, courts have repeatedly held that the non-diverse defendant is fraudulently joined.  *See, e.g.*, *Lewis v. PNC Bank, N.A.*, No. 2:13-CV-69-RWS, 2013 WL 6817090, at \*2 (N.D. Ga. Dec. 26, 2013) (finding fraudulent joinder where "[p]laintiff does not allege how [the non-diverse defendant] specifically committed any wrongdoing"); *Jones v. Mortg. Elec. Regis. Sys., Inc.*, No. 4:12-CV-00035-HLM, 2012 WL 13028595, at \*5 (N.D. Ga. Mar.

5

12, 2012) (finding fraudulent joinder where "[p]laintiffs do not allege any wrongdoing by" the non-diverse defendant); *Galler*, 2014 WL 12701066, at *2 (finding fraudulent joinder where the complaint "includes no allegations of fact at all regarding" the non-diverse defendant); *Baker v. Select Portfolio Servicing, Inc.*, No. 1:12-cv-03493-JEC, 2013 WL 4806907, at *6 (N.D. Ga. Sept. 9, 2013) (finding fraudulent joinder where "plaintiff has not provided any specific factual basis for the claims" against the non-diverse defendants).[3]

Because there are no allegations of wrongdoing against Hitchens, there is no reasonable basis in fact and law supporting a claim against the resident Defendant, Hitchens.  Plaintiff appears to have intended to fraudulently join him, and his citizenship is ignored for purposes of diversity jurisdiction.

(c)      **Failure to Serve Defendant Hitchens**

Even if Plaintiff had a colorable claim against Defendant Hitchens, his inclusion in her complaint does not defeat diversity.  Despite having ample time and opportunity, Plaintiff has not served Hitchens with the Complaint for this Action.  Where a Plaintiff fails to serve a non-diverse defendant, that defendant is not considered when courts determine whether removal is proper.  Where an action is otherwise removable, a non-diverse defendant will only destroy complete

---

[3] *See also City of Brownsville v. Sw. Bell Tel. Co.*, No. CIV. A. B-90-200, 1991 WL 107403, at *3 (S.D. Tex. June 6, 1991) (finding fraudulent joinder where "[o]nly two paragraphs of the complaint even mention" the non-diverse defendant and there is "no allegation of wrongdoing"); *Cammack New Liberty, LLC v. Vizterra, LLC*, No. CIV.A. 3:09-15-DCR, 2009 WL 2043568, at *3 (E.D. Ky. July 13, 2009) (finding fraudulent joinder where the complaint did "not allege wrongdoing on the part of" the non-diverse defendant); *First Merchs. Tr. Co. v. Wal-Mart Stores E., LP*, 630 F. Supp. 2d 964, 968 (S.D. Ind. 2008) (finding fraudulent joinder where the complaint made "no allegations of wrongdoing or of any other basis for obtaining relief from" the non-diverse defendant); *McGoey v. State Farm Ins. Co.*, No. CIV.A. 06-8954, 2007 WL 1166352, at *3 (E.D. La. Apr. 17, 2007) (finding fraudulent joinder where the complaint did "not allege any specific wrongdoing by" the non-diverse defendant).

diversity if they have been "properly served and joined." 28. U.S.C. 1441(b).  Courts in the Eleventh Circuit have held that the plain language of this statute thus excludes any consideration of unserved defendants. *Bolin v. Smithkline Beechum Corp.*, No. 08-60523, 2008 BL173039, \*2-3 (S.D. Fla. Aug. 07, 2008)*; see also, Logan v. McKinney Drilling*, LLC, No. 1:20-00268, 2021 BL 34622, \*5 (S.D. Ala. Feb. 02, 2021).

As Plaintiff has failed to serve Hitchens with her complaint, he has not been "properly served and joined."  Thus, § 1441(b) prevents considering his presence when deciding diversity. Removal is "intended to protect out-of-state defendants from possible prejudices in state court." *Bolin*, at \*2 (quoting *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).  The forum state defendant rule allows a Plaintiff to choose the forum where at least one defendant will not be subject to these potential prejudices. *Id.*  Here, Plaintiff has had that opportunity, and, in failing to serve Hitchens, the only non-diverse defendant, Plaintiff further evidences that she has no legitimate claims against him or intent to pursue the paper-thin claims she alleges.  Thus, the properly served and joined defendants must be given the protections of removal without consideration of the unserved forum defendants.

(d)    **Amount in Controversy**

"Where the plaintiff has not [pled] a specific amount of damages, as [Plaintiff] has not here, the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).  "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the

jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

In conducting the amount in controversy inquiry, a federal court is not limited to reviewing the allegations in the complaint. *See, e.g.*, *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.").[4] Thus, where a complaint seeks "unspecified damages" for categories such as "compensatory and punitive damages," courts go beyond the complaint to determine the amount in controversy. *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (affirming district court's finding that the amount in controversy requirement was satisfied in age discrimination case under Alabama law, based on information outside of the complaint) (internal brackets omitted).

Furthermore, the amount in controversy is not determined by an allegation that the plaintiff seeks the minimum amount for state-court jurisdiction, but instead by what "a reasonable reading" of the complaint indicates the plaintiff could theoretically obtain if the allegations are true and the plaintiff wins at trial. *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (holding that even though the complaint alleged merely the minimum "amount necessary for state

---

[4] *See also, e.g.*, *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) ("[I]n practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal."); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982) (adopting the view that the removal inquiry "is not limited to the face of plaintiff's complaint," and that "the court may examine[] the record as a whole in determining the propriety of removal").

circuit court jurisdiction," "a reasonable reading of the plaintiffs' complaint discloses that the amount in controversy does in fact exceed" the minimum for federal diversity jurisdiction).[5]

While Defendants deny that Plaintiff is entitled to any relief whatsoever, the amount in controversy requirement is satisfied because, under a reasonable reading of the Complaint, Plaintiff is seeking more than $75,000.  Several factors warrant this conclusion.

First, Plaintiff expects to be awarded more than $30,000 based on the allegations in the Complaint.  *See* Ex. A, Compl., at ¶ 1.  Second, while Defendant disputes the claimed damages, Plaintiff's potential back pay under FCRA actually exceeds $30,000.  Plaintiff's hourly rate was $15.00 during her tenure at Amazon. *See* Ex. B, Sturdivant Decl. at ¶ 6.  Plaintiff was terminated from Amazon on January 31, 2019, and if she were to prove liability, the back pay she could receive could potentially equate to $31,200 per year from the Defendant (assuming 40 hours per week at 52 weeks and no interim earnings).  *Id.* at ¶ 6-7.  Courts in this Circuit have previously noted that "back pay may be calculated through the estimated date of trial." *Gonzalez v. Honeywell Int'l, Inc.*, No: 8:16–cv–3359, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (assuming a trial two years after removal).  Here, Plaintiff could receive approximately $129,600 in the form of back pay through the date of trial.  *See* Ex. B, Sturdivant Decl. at ¶ 8.  This amount, plus the other relief for which Plaintiff seeks would more than satisfy the amount in controversy requirement. See *Logsdon v. Duron, Inc.*, No. 3:05CV243, 2005 WL 1163095, at *4-5 (M.D. Fla. May 17, 2015) (holding that amount in controversy requirement was satisfied based on "back pay,"

---

[5] *See also Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003) ("[T]he amount in controversy[] reflects the potential damages a judge or jury could award if the claim is valid, the defendant liable, and the injury compensable."); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("The appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint.") (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)).

"compensatory, non-economic damages," and "front pay"); *see also* Ex. B, Sturdivant Decl. at ¶ 8.  As in *Logsdon*, Plaintiff also seeks, *inter alia*, (a) compensatory damages; (b) punitive damages; and (c) attorneys' fees, all of which is potentially recoverable in this case.  Fla. Stat. § 760.11(5) ("affirmative relief from the effects of the [discriminatory] practice," such as "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries," punitive damages, and reasonable attorneys' fees.) And, the FCRA caps only punitive damages, which "shall not exceed $100,000." *Id.*  The Court can readily conclude that the $75,000 diversity removal threshold is easily reached.

Third, in the Eleventh Circuit, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).  Plaintiff seeks attorneys' fees pursuant to the FCRA.  *See* Ex. A, Compl., at ¶ 15.  The FCRA provides a statutory basis for recovery of reasonable attorneys' fees.  *See* Fla. Stat. § 760.11(5).  Here, a conservative estimate of a reasonable trial date is one to two years from removal.  *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14–cv–653, 2015 WL 225760, at *3 & n.3 (M.D. Fla. Jan. 16, 2015) (identifying FCRA age and disability discrimination case as one that will likely proceed to trial within one to two years after the filing of the complaint); *Gonzalez v. Honeywell Int'l, Inc.*, No: 8:16–cv–3359, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (assuming a trial two years after removal).  It is reasonable to assume that litigation of this action through trial will result in thousands of dollars in legal fees, which would exceed the $75,000 jurisdictional amount.  Accordingly, Plaintiff's request for attorneys' fees under the FCRA further establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold.

10

Fourth, Plaintiff seeks compensatory damages for emotional distress. In employment cases, compensatory damages for intangible mental and emotional distress have been awarded in amounts exceeding the minimum amount in controversy. *See*, *e.g.*, *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-1349 (11th Cir. 2000) (upholding award of $150,000 to employee for emotional distress and dignitary injury in FCRA age discrimination case). Thus, courts often find that where litigants, like Plaintiff here, seek compensatory damages for personal suffering, the minimum amount in controversy exists. *See, e.g.*, *Estevez-Gonzalez*, 606 F. Supp. at 129 (holding that amount in controversy requirement was satisfied where the "complaint alleges physical and mental pain"). The FCRA does not limit compensatory damages. Therefore, although Defendant denies that Plaintiff is entitled to any relief at all, the compensatory damages she seeks, in addition to the economic damages she seeks, satisfy the amount in controversy requirement for diversity jurisdiction.

Finally, the punitive damages Plaintiff requests must be considered when determining the amount in controversy. *See, e.g.*, *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered.") (internal citations and footnote omitted); *Saadi v. Maroun*, No. 8:07-cv-1976, 2009 WL 3736121, at *1 (M.D. Fla. Nov. 4, 2009) ("It is well established that attorney's fees and punitive damages, when allowed by applicable state law, may be included in determining the amount in controversy." (internal quotation marks omitted)). Although Defendant specifically denies that Plaintiff would be entitled to recover any punitive damages, up to $100,000 in punitive damages are available under the FCRA. *See* Fla. Stat. § 760.11(5). This amount suffices to satisfy the amount in controversy requirement. *See Ryan v. State Farm Auto. Ins. Co.*, 934 F.2d 276, 277

11

(11th Cir. 1991) (holding that court had jurisdiction because the plaintiff requested $100,000 in punitive damages, and "it is possible for a jury to award this much in punitive damages under Georgia law").

In sum, because the amount in controversy exceeds $75,000 and the action is between citizens of different states—Plaintiff being a Florida citizen; Amazon, a citizen of Delaware and Washington; and Thomas, a citizen of Texas—the district court has original jurisdiction under 28 U.S.C. § 1332(a), and Defendant may remove this case to this Court under 28 U.S.C. § 1441(a).

### 6.    Venue

The state court case was brought in Broward County Circuit Court.  Therefore, the Fort Lauderdale Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court action is pending.  *See* 28 U.S.C. §§ 1441(a) (stating that an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending") and 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . .").  Therefore, this is the proper district court and division to which this case should be removed.

### 7.    Timeliness of Notice of Removal

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since Defendant was served with Plaintiff's Complaint on March 30, 2021.

### 8.    State Court Pleadings

Pursuant to 28 U.S.C. § 1446(a), with this Notice, Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State Court in this removed

12

action.  Copies of these removal documents are attached to this Notice of Removal at Ex. A.

Further, pursuant to 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of this Notice of

Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward

County, Florida.  A copy of the Notice of Filing Notice of Removal, without attachments, is

attached at Ex. C.

Dated this 29th of April 2021.                              Respectfully submitted,

_/s/ Dalisi O. Carrasco_
Dalisi O. Carrasco
Florida Bar. No. 123634
Email: dalisi.carrasco@morganlewis.com
Morgan, Lewis & Bockius LLP
600 Brickell Avenue
Suite 1600
Miami, FL 33131-3075
Telephone: 305.415.3000
eFacsimile: 305.415.3001

_Counsel for Defendants_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2021, I served the foregoing document via electronic mail on all counsel of record or parties on the Service List below.

/s/ Dalisi O. Carrasco
Dalisi O. Carrasco

## SERVICE LIST

Scott M. Behren
Florida Bar No. 987786
Primary scott@behrenlaw.com
Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, Florida 33326
Telephone: (954) 636-3802
Facsimile: (772) 252-3365

*Counsel for Plaintiff*

DB1/ 120807508.9